## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

|  |  |
|---|---|
| **ERICSSON INC. AND TELEFONAKTIEBOLAGET LM ERICSSON,**<br><br>                        **Plaintiffs,**<br>            **v.**<br><br>**APPLE INC.,**<br><br>                        **Defendant.** | Civil Action No. 2:15-cv-292<br><br>Hon. Rodney Gilstrap<br><br>DEMAND FOR JURY TRIAL |

### APPLE'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO ERICSSON'S FIRST AMENDED COMPLAINT

Defendant Apple Inc. ("Apple") files this Answer, Affirmative Defenses, and Counterclaims ("Answer") to Plaintiffs Ericsson Inc. and Telefonaktiebolaget LM Ericsson's (collectively, "Ericsson") First Amended Complaint for Patent Infringement ("First Amended Complaint"). Except as expressly admitted below, Apple denies each and every allegation set forth in the First Amended Complaint. Any factual allegation admitted below is admitted only as to the specific admitted facts, and not as to any purported conclusions, characterizations, implications, or speculations that might follow from the admitted facts. Apple responds to the numbered paragraphs of the First Amended Complaint and the prayer for relief as follows:

### NATURE OF THE ACTION[1]

1.        Apple denies that it, or any of its products, infringes any valid and enforceable

---

[1] For ease of reference, Apple repeats the headings set forth in the First Amended Complaint in order to simplify comparison of the First Amended Complaint and this Answer; however, by doing so, Apple makes no admissions regarding the substance of the heading or any other allegations of the First Amended Complaint and, in fact, unless otherwise stated, to the extent that a particular heading can be construed as an allegation, Apple specifically denies all such allegations.

claim of any patents asserted by Ericsson in this lawsuit.  Apple further denies that any of Ericsson's patents or alleged innovations are utilized by Apple, and therefore denies that Ericsson's alleged inventions enable Apple's product sales or product development in any manner.  Apple lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 1 of the First Amended Complaint, and therefore denies them.

2.      Apple lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 2 of the First Amended Complaint, and therefore denies them.

3.      Apple lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 3 of the First Amended Complaint, and therefore denies them.

## THE PARTIES

4.      Apple lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4 of the First Amended Complaint, and therefore denies them.

5.      Apple lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 5 of the First Amended Complaint, and therefore denies them.

6.      Apple lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6 of the First Amended Complaint, and therefore denies them.

7.      Apple denies that the accused Apple products are "beneficiaries of Ericsson's fundamental technologies," and also denies the allegations in Paragraph 7 of the First Amended Complaint to the extent that they allege that the iPhone infringes any Ericsson intellectual property.  Apple is without knowledge or information sufficient to form a belief as to the truth of

the remaining allegations in Paragraph 7 of the First Amended Complaint, and therefore denies them.

8.      Apple lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8 of the First Amended Complaint, and therefore denies them.

9.      Apple lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9 of the First Amended Complaint, and therefore denies them.

10.      Apple lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10 of the First Amended Complaint, and therefore denies them.

11.      Apple lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11 of the First Amended Complaint, and therefore denies them.

12.      Apple admits that it is a corporation organized and existing under the laws of the State of California with its principal place of business located at 1 Infinite Loop, Cupertino, California 95014.  Apple admits that it designs, sells, and offers for sale in the United States, and imports into the United States, mobile computing devices including smartphones and tablets. Apple admits that its products further include computers, digital media players, and headphones. Apple admits that its products are marketed, offered for sale, and sold throughout the United States, including within this District.  Apple lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 12 of the First Amended Complaint, and therefore denies them.

## JURISDICTION AND VENUE

13.      Apple admits that the First Amended Complaint purports to set forth a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, but denies that Ericsson's claim has merit.  Apple admits that this Court has subject

matter jurisdiction over patent infringement suits under 28 U.S.C. §§ 1331 and 1338.  Apple admits that venue is proper in this District, but denies that venue in this District is convenient or in the interest of justice under 28 U.S.C. § 1404(a).

14.     For purposes of this action, Apple admits that the Eastern District of Texas has personal jurisdiction over Apple for certain reasons, but Apple denies that it or its accused products infringe any valid and enforceable claim under any asserted theory.  Apple admits that it has sold products and engaged in communications in the State of Texas, has a registered agent in the State of Texas, and is registered to do business there and has been both a plaintiff and defendant in litigation in the State of Texas.  Apple lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 14 of the First Amended Complaint, and therefore denies them.

## THE ASSERTED PATENTS

15.     Apple admits that U.S. Patent No. 6,433,512 ("the '512 patent") is titled "Power Consumption Reporting by an Accessory of an Electronic Device," was issued on August 13, 2002, and lists on its face Jörgen Birkler, Kristina Ahlgren, Magnus Patrik Svensson, Heino Jean Wendelrup, and Christian Heyl as inventors.  Apple further admits that what appears to be a copy of the '512 patent is attached as Exhibit 1 to the First Amended Complaint.  Apple denies that the '512 patent was duly and legally issued.  Apple lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 15 of the First Amended Complaint, and therefore denies them.

16.     Apple admits that U.S. Patent No. 6,763,247 ("the '247 patent") is titled "Portable Telecommunication Apparatus for Controlling an Electronic Utility Device," was issued on July 13, 2004, and lists on its face Magnus Hollstrom, Robert Hed, Patrik Olsson, Anders Edlund,

Björn Ekelund, and Nils Rydbeck as inventors.  Apple further admits that what appears to be a copy of the '247 patent is attached as Exhibit 2 to the First Amended Complaint.  Apple denies that the '247 patent was duly and legally issued.  Apple lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 16 of the First Amended Complaint, and therefore denies them.

17.     Apple admits that U.S. Patent No. 6,968,365 ("the '365 patent") is titled "Device and a Method for Operating an Electronic Utility Device From a Portable Telecommunication Apparatus," was issued on November 22, 2005, and lists on its face Magnus Hollström, Robert Hed, Patrik Olsson, and Magnus Tillgren as inventors.  Apple further admits that what appears to be a copy of the '365 patent is attached as Exhibit 3 to the First Amended Complaint.  Apple denies that the '365 patent was duly and legally issued.  Apple lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 17 of the First Amended Complaint, and therefore denies them.

18.     Apple admits that U.S. Patent No. 8,170,472 ("the '472 patent") is titled "Arrangement and a Method in a Telephony System," was issued on March 19, 2002, and lists on its face Tomas Andreason as inventor.  Apple further admits that what appears to be a copy of the '472 patent is attached as Exhibit 4 to the First Amended Complaint.  Apple denies that the '472 patent was duly and legally issued.  Apple lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 18 of the First Amended Complaint, and therefore denies them.

19.     Apple's Answer collectively refers to the '512, '247, '365, and '472 patents as the "Patents-in-Suit."  Apple admits that Ericsson purports to define the term "Ericsson Patents-In-Suit" as being the Patents-in-Suit.  Apple lacks sufficient knowledge or information to form a

belief as to the truth of the remaining allegations in Paragraph 19 of the First Amended Complaint, and therefore denies them.

20.     Apple denies that it infringes any valid and enforceable claim of any Patent-in-Suit.  Apple admits that it does not currently have an express license from Ericsson to the Patents-in-Suit.  Apple lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 20 of the First Amended Complaint, and therefore denies them.

21.     Apple denies that the Patents-in-Suit are valid or enforceable.

22.     Apple denies the allegations in Paragraph 22 of the First Amended Complaint.

23.     Apple admits that Ericsson purports to accuse Apple products with iOS, Mac OS (including OS X), and/or Apple applications, and other wireless communication devices, computers, tablet computers, and digital media players, including Apple TV and Apple Watch, of infringement.  Apple denies the remaining allegations in Paragraph 23 of the First Amended Complaint, including that it infringes any valid and enforceable claim of any Patent-In-Suit.

24.     Apple admits that it transacts business in the United States and in this District, but Apple denies that Apple's accused products infringe any of the asserted claims under any asserted theory.  Apple denies the rest of the allegations of Paragraph 24 of the First Amended Complaint.

## GENERAL ALLEGATIONS

25.     Apple denies the allegations of Paragraph 25 of the First Amended Complaint.

26.     Apple admits that it transacts business in the United States and in this District, but Apple denies that Apple's accused products infringe any of the asserted claims under any asserted theory.  Apple denies the rest of the allegations of Paragraph 26 of the First Amended

Complaint.

27.     Apple admits that many of the Apple Accused Products are devices that include an operating system and can include "apps," but denies that the Apple Accused Products infringe any asserted claim under any asserted theory.  The remaining allegations of Paragraph 27 of the First Amended Complaint are too generalized, vague, and laden with subjective characterizations to admit or deny.  To the extent a response is necessary, Apple denies the allegations and characterizations of Paragraph 27 of the First Amended Complaint.

28.     Apple admits that it provides learning resources on how to develop certain application software on certain of its products, including giving developers access to an SDK, but denies that such resources and activities are unlawful.  The allegations of Paragraph 28 of the First Amended Complaint are too generalized, vague, and laden with subjective characterizations to admit or deny.  To the extent a response is necessary, Apple denies the allegations and characterizations of Paragraph 28 of the First Amended Complaint.

29.     Apple admits that third-party developers release third-party applications on Apple's operating systems but denies that such activities are unlawful.  The allegations of Paragraph 29 of the First Amended Complaint are too generalized, vague, and laden with subjective characterizations to admit or deny.  To the extent a response is necessary, Apple denies the allegations and characterizations of Paragraph 29 of the First Amended Complaint.

30.     Apple admits that it provides learning resources on how to install certain application software on certain of its products, but denies that such resources and activities are unlawful.  The rest of the allegations of Paragraph 30 of the First Amended Complaint are too generalized, vague, and laden with subjective characterizations to admit or deny.  To the extent a response is necessary, Apple denies the rest of the allegations and characterizations of Paragraph

30 of the First Amended Complaint.

31.     Apple admits that certain versions of iOS are released with various applications (e.g., Safari) and that certain versions of iOS allow a user to request automatic updates for applications, but denies that such technology and activities are unlawful.  The rest of the allegations of Paragraph 31 of the First Amended Complaint are too generalized, vague, and laden with subjective characterizations to admit or deny.  To the extent a response is necessary, Apple denies the rest of the allegations and characterizations of Paragraph 31 of the First Amended Complaint.

32.     Apple admits that it advertises its products across multiple media platforms, but denies that such advertisement activities are unlawful.  The allegations of Paragraph 32 of the First Amended Complaint are too generalized, vague, and laden with subjective characterizations to admit or deny.  To the extent a response is necessary, Apple denies the allegations and characterizations of Paragraph 32 of the First Amended Complaint.

33.     Apple admits that it generates revenue from sales of certain applications and advertisements, but denies that such activities are unlawful.  The rest of the allegations of Paragraph 33 of the First Amended Complaint are too generalized, vague, and laden with subjective characterizations to admit or deny.  To the extent a response is necessary, Apple denies the rest of the allegations and characterizations of Paragraph 33 of the First Amended Complaint.

34.      Apple admits that iOS notifies users when an update of iOS and/or an application is available, but denies that such technology and activities are unlawful.  The rest of the allegations of Paragraph 34 of the First Amended Complaint are too generalized, vague, and laden with subjective characterizations to admit or deny.  To the extent a response is necessary,

Apple denies the rest of the allegations and characterizations of Paragraph 35 of the First Amended Complaint.

35.     Apple admits that its products include revolutionary, innovative, and award-winning user interfaces, and denies that Ericsson or the Patents-in-Suit contributed in any way to Apple's technology or success.  The rest of the allegations of Paragraph 35 of the First Amended Complaint are too generalized, vague, and laden with subjective characterizations to admit or deny.  To the extent a response is necessary, Apple denies the rest of the allegations and characterizations of Paragraph 35 of the First Amended Complaint.

## COUNT I.

## CLAIM FOR PATENT INFRINGEMENT OF THE '512 PATENT

36.     Apple incorporates by reference Paragraphs 1-35 above.   Apple denies the allegations in Paragraph 36 of the First Amended Complaint.

37.     Apple denies the allegations in Paragraph 37 of the First Amended Complaint.

38.     Apple admits that it has had discussions with Ericsson about Ericsson's overall patent portfolio and that it was served with a copy of Ericsson's initial complaint on March 2, 2015, and with the First Amended Complaint on May 18, 2015, but denies that Ericsson discussed the portfolio in good faith, that Ericsson was a willing licensor, and that Ericsson properly put Apple on legal notice of the Patents-in-Suit.  Apple denies the remaining allegations of Paragraph 38 of the First Amended Complaint.

39.     Apple denies the allegations in Paragraph 39 of the First Amended Complaint.

40.     Apple admits that it has had discussions with Ericsson about Ericsson's overall patent portfolio and that it was served with a copy of the First Amended Complaint, but denies that Ericsson discussed the portfolio in good faith, that Ericsson was a willing licensor, and that

Ericsson properly put Apple on legal notice of the Patents-in-Suit.  Apple denies the remaining allegations of Paragraph 40 of the First Amended Complaint.

41.     Apple denies the allegations in Paragraph 41 of the First Amended Complaint.

42.     Apple admits that it has had discussions with Ericsson about Ericsson's overall patent portfolio and that it was served with a copy of the First Amended Complaint, but denies that Ericsson discussed the portfolio in good faith, that Ericsson was a willing licensor, and that Ericsson properly put Apple on legal notice of the Patents-in-Suit.  Apple denies the remaining allegations of Paragraph 42 of the First Amended Complaint.

43.     Apple denies the allegations in Paragraph 43 of the First Amended Complaint.

## COUNT II.

## CLAIM FOR PATENT INFRINGEMENT OF THE '247 PATENT

44.     Apple incorporates by reference Paragraphs 1-43 above.   Apple denies the allegations in Paragraph 44 of the First Amended Complaint.

45.     Apple denies the allegations in Paragraph 45 of the First Amended Complaint.

46.     Apple admits that it has had discussions with Ericsson about Ericsson's overall patent portfolio and that it was served with a copy of the First Amended Complaint, but denies that Ericsson discussed the portfolio in good faith, that Ericsson was a willing licensor, and that Ericsson properly put Apple on legal notice of the Patents-in-Suit.  Apple denies the remaining allegations of Paragraph 46 of the First Amended Complaint.

47.     Apple denies the allegations in Paragraph 47 of the First Amended Complaint.

48.     Apple admits that it has had discussions with Ericsson about Ericsson's overall patent portfolio and that it was served with a copy of the First Amended Complaint, but denies that Ericsson discussed the portfolio in good faith, that Ericsson was a willing licensor, and that

Ericsson properly put Apple on legal notice of the Patents-in-Suit.  Apple denies the remaining allegations of Paragraph 48 of the First Amended Complaint.

49.     Apple denies the allegations in Paragraph 49 of the First Amended Complaint.

50.     Apple admits that it has had discussions with Ericsson about Ericsson's overall patent portfolio and that it was served with a copy of the First Amended Complaint, but denies that Ericsson discussed the portfolio in good faith, that Ericsson was a willing licensor, and that Ericsson properly put Apple on legal notice of the Patents-in-Suit.  Apple denies the remaining allegations of Paragraph 50 of the First Amended Complaint.

51.     Apple denies the allegations in Paragraph 51 of the First Amended Complaint.

## COUNT III.

## CLAIM FOR PATENT INFRINGEMENT OF THE '365 PATENT

52.     Apple incorporates by reference Paragraphs 1-51 above.   Apple denies the allegations in Paragraph 52 of the First Amended Complaint.

53.     Apple denies the allegations in Paragraph 53 of the First Amended Complaint.

54.     Apple admits that it has had discussions with Ericsson about Ericsson's overall patent portfolio and that it was served with a copy of the First Amended Complaint, but denies that Ericsson discussed the portfolio in good faith, that Ericsson was a willing licensor, and that Ericsson properly put Apple on legal notice of the Patents-in-Suit.  Apple denies the remaining allegations of Paragraph 54 of the First Amended Complaint.

55.     Apple denies the allegations in Paragraph 55 of the First Amended Complaint.

56.     Apple admits that it has had discussions with Ericsson about Ericsson's overall patent portfolio and that it was served with a copy of the First Amended Complaint, but denies that Ericsson discussed the portfolio in good faith, that Ericsson was a willing licensor, and that

Ericsson properly put Apple on legal notice of the Patents-in-Suit.  Apple denies the remaining allegations of Paragraph 56 of the First Amended Complaint.

57.     Apple denies the allegations in Paragraph 57 of the First Amended Complaint.

58.     Apple admits that it has had discussions with Ericsson about Ericsson's overall patent portfolio and that it was served with a copy of the First Amended Complaint, but denies that Ericsson discussed the portfolio in good faith, that Ericsson was a willing licensor, and that Ericsson properly put Apple on legal notice of the Patents-in-Suit.  Apple denies the remaining allegations of Paragraph 58 of the First Amended Complaint.

59.     Apple denies the allegations in Paragraph 59 of the First Amended Complaint.

**COUNT IV.**

**CLAIM FOR PATENT INFRINGEMENT OF THE '472 PATENT**

60.     Apple incorporates by reference Paragraphs 1-59 above.   Apple denies the allegations in Paragraph 60 of the First Amended Complaint.

61.     Apple denies the allegations in Paragraph 61 of the First Amended Complaint.

62.     Apple admits that it has had discussions with Ericsson about Ericsson's overall patent portfolio and that it was served with a copy of the First Amended Complaint, but denies that Ericsson discussed the portfolio in good faith, that Ericsson was a willing licensor, and that Ericsson properly put Apple on legal notice of the Patents-in-Suit.  Apple denies the remaining allegations of Paragraph 62 of the First Amended Complaint.

63.     Apple denies the allegations in Paragraph 63 of the First Amended Complaint.

64.     Apple admits that it has had discussions with Ericsson about Ericsson's overall patent portfolio and that it was served with a copy of the First Amended Complaint, but denies that Ericsson discussed the portfolio in good faith, that Ericsson was a willing licensor, and that

Ericsson properly put Apple on legal notice of the Patents-in-Suit.  Apple denies the remaining allegations of Paragraph 64 of the First Amended Complaint.

65.     Apple denies the allegations in Paragraph 65 of the First Amended Complaint.

66.     Apple admits that it has had discussions with Ericsson about Ericsson's overall patent portfolio and that it was served with a copy of the First Amended Complaint, but denies that Ericsson discussed the portfolio in good faith, that Ericsson was a willing licensor, and that Ericsson properly put Apple on legal notice of the Patents-in-Suit.  Apple denies the remaining allegations of Paragraph 66 of the First Amended Complaint.

67.     Apple denies the allegations in Paragraph 67 of the First Amended Complaint.

## DAMAGES

68.     Apple denies the allegations in Paragraph 68 of the First Amended Complaint.

## ATTORNEY's FEES

69.     Apple denies that any of Ericsson's claims have merit and denies that Ericsson is entitled to any attorneys' fees in this action.  Apple denies the rest of the allegations in Paragraph 69 of the First Amended Complaint.

## JURY DEMAND

70.     In accordance with Fed. R. Civ. P. 38(b), Apple demands a trial by jury on all issues so triable.

## RESPONSE TO ERICSSON'S PRAYER FOR RELIEF

71.     Apple denies that Ericsson is entitled to any relief in this action, as requested or otherwise.

## APPLE'S AFFIRMATIVE DEFENSES

72.     Apple reserves the right to amend its Answer to add additional Affirmative Defenses, including allegations of inequitable conduct, consistent with the facts discovered in the

case.   Subject to that limitation, Apple asserts the following affirmative defenses, without assuming the burden of proof when such burden would otherwise be on Ericsson.

**FIRST AFFIRMATIVE DEFENSE**

73.     Ericsson's First Amended Complaint fails to state facts sufficient to constitute a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

74.     One or more claims of the Patents-in-Suit are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101 et seq., including 35 U.S.C. §§ 101, 102, 103, and/or 112.

**THIRD AFFIRMATIVE DEFENSE**

75.     Apple has not directly infringed (whether literally or under the doctrine of equivalents), has not induced or contributed to infringement of, does not directly infringe (whether literally or under the doctrine of equivalents), and does not induce or contribute to infringement of any claim of the Patents-in-Suit that may be valid and enforceable.

**FOURTH AFFIRMATIVE DEFENSE**

76.     Ericsson's claims are barred in whole or in part by prosecution history estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

77.     Ericsson's claims for alleged damages or costs are statutorily limited by 35 U.S.C. §§ 286, 287, and 288 and by 28 U.S.C. § 1498.

**SIXTH AFFIRMATIVE DEFENSE**

78.     Ericsson is not entitled to injunctive relief at least because any injury to Ericsson is not immediate or irreparable, and Ericsson has an adequate remedy at law for its allegations.

## SEVENTH AFFIRMATIVE DEFENSE

79.     Ericsson's claims for relief are barred, in whole or in part, under principles of equity including, but not limited to, laches, waiver, estoppel, and/or unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

80.     Ericsson's claims for relief are barred, in whole or in part, as a result of patent exhaustion and/or a license to the Patents-in-Suit.

## NINTH AFFIRMATIVE DEFENSE

81.     On information and belief, Ericsson lacks standing to bring this action against Apple at least because it lacks ownership of the Patents-in-Suit.  Upon information and belief, Plaintiff Ericsson, Inc.is not an owner or assignee of the Patents-in-Suit.

## APPLE'S COUNTERCLAIMS

1.     Apple incorporates by reference its above responses as if fully set forth herein.  In accordance with Rule 13 of the Federal Rules of Civil Procedure, Apple asserts the following counterclaims against Ericsson:

2.     Apple is a California corporation with a principal place of business at 1 Infinite Loop, Cupertino, California 95014.

3.     Based on the assertions in Paragraph 10 of Ericsson's First Amended Complaint, Ericsson Inc. is a Delaware corporation with its principal place of business at 6300 Legacy Drive, Plano, Texas 75024.

4.     Based on the assertions in Paragraph 11 of Ericsson's First Amended Complaint, Telefonaktiebolaget LM Ericsson is a corporation organized under the laws of the Kingdom of Sweden with its principal place of business at Torshamnsgatan 21, Kista, 164 83, Stockholm, Sweden.

5.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1332,

1338(a), 2201, 2202, and the patent laws of the United States, 35 U.S.C. § 1 et seq.

6.      This Court has personal jurisdiction over Ericsson because, among other things, it has availed itself of the Court's jurisdiction by filing the First Amended Complaint.

7.      Venue is proper within this district under 28 U.S.C. §§ 1391(b) and (c). However, venue in this district is not convenient or in the interests of justice under 28 U.S.C. § 1404(a).

## **BACKGROUND**

8.      Apple revolutionized the telecommunications industry in 2007 when it introduced the groundbreaking iPhone, a product that dramatically changed the way people view mobile phones. Reviewers, analysts, and consumers immediately recognized the iPhone as a "game changer."  In one small and lightweight handheld device, the iPhone offered a color multi-touch screen, distinctive user-interface, music storage and playback, a mobile computing platform for handheld applications, and full access to the Internet, as well as typical mobile phone functions, all packaged in an eye-catching design that remains widely acclaimed today.

9.      Apple introduced another revolutionary product, the iPad, in 2010.  The iPad is an elegantly designed computer tablet with a color touch screen, a user interface reminiscent of the iPhone's user interface, and robust functionality that spans both mobile computing and media storage and playback.  Because of its innovative technology and distinctive design, the iPad achieved instant success.

10.      Behind the success of Apple's iPhone and iPad products, as well as its successful and critically acclaimed line of mobile computers and applications, are countless instances of creative achievement, technical innovation, and astute business judgment by Apple employees.

## FIRST COUNTERCLAIM

## <u>DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '512 PATENT</u>

11.     Apple repeats and realleges paragraphs 1-10 above.

12.     Apple does not directly, indirectly, contributorily and/or by inducement, infringe any claim of the '512 patent, either literally or under the doctrine of equivalents, willfully or otherwise, and is entitled to a declaration to that effect.

13.     An actual controversy exists between Ericsson and Apple as to whether the '512 patent is not infringed by Apple.

14.     A judicial declaration is necessary and appropriate so that Apple may ascertain its rights with respect to the '512 patent.

15.     Apple seeks, and is entitled to, a declaration that it does not infringe any claim of the '512 patent directly, indirectly, contributorily or by inducement, either literally or under the doctrine of equivalents.

## SECOND COUNTERCLAIM

## <u>DECLARATORY JUDGMENT OF INVALIDITY OF THE '512 PATENT</u>

16.     Apple repeats and realleges paragraphs 1-10 above.

17.     In accusing Apple of infringing the '512 patent, Ericsson has taken the position that the claims of the '512 patent are valid.

18.     None of the claims of the '512 patent are valid and enforceable because the claims do not meet the conditions for patentability and/or validity specified in Title 35 U.S.C. § 101 *et seq.*, including §§ 101, 102, 103, and/or 112 and general principles of patent law.

19.     An actual controversy exists between Ericsson and Apple as to whether the '512 patent is invalid.

20.     A judicial declaration is necessary and appropriate so that Apple may ascertain whether the '512 patent is invalid and/or unenforceable.

### THIRD COUNTERCLAIM

### DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '247 PATENT

21.     Apple repeats and realleges paragraphs 1-10 above.

22.     Apple does not directly, indirectly, contributorily and/or by inducement, infringe any claim of the '247 patent, either literally or under the doctrine of equivalents, willfully or otherwise, and is entitled to a declaration to that effect.

23.     An actual controversy exists between Ericsson and Apple as to whether the '247 patent is not infringed by Apple.

24.     A judicial declaration is necessary and appropriate so that Apple may ascertain its rights with respect to the '247 patent.

25.     Apple seeks, and is entitled to, a declaration that it does not infringe any claim of the '247 patent directly, indirectly, contributorily or by inducement, either literally or under the doctrine of equivalents.

### FOURTH COUNTERCLAIM

### DECLARATORY JUDGMENT OF INVALIDITY OF THE '247 PATENT

26.     Apple repeats and realleges paragraphs 1-10 above.

27.     In accusing Apple of infringing the '247 patent, Ericsson has taken the position that the claims of the '247 patent are valid.

28.     None of the claims of the '247 patent are valid and enforceable because the claims do not meet the conditions for patentability and/or validity specified in Title 35 U.S.C. § 101 *et seq*., including §§ 101, 102, 103, and/or 112 and general principles of patent law.

29.     An actual controversy exists between Ericsson and Apple as to whether the '247

patent is invalid.

30.     A judicial declaration is necessary and appropriate so that Apple may ascertain its rights as to whether the '247 patent is invalid and/or unenforceable.

## FIFTH COUNTERCLAIM

## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '365 PATENT

31.     Apple repeats and realleges paragraphs 1-10 above.

32.     Apple does not directly, indirectly, contributorily and/or by inducement, infringe any claim of the '365 patent, either literally or under the doctrine of equivalents, willfully or otherwise, and is entitled to a declaration to that effect.

33.     An actual controversy exists between Ericsson and Apple as to whether the '365 patent is not infringed by Apple.

34.     A judicial declaration is necessary and appropriate so that Apple may ascertain its rights with respect to the '365 patent.

35.     Apple seeks, and is entitled to, a declaration that it does not infringe any claim of the '365 patent directly, indirectly, contributorily or by inducement, either literally or under the doctrine of equivalents.

## SIXTH COUNTERCLAIM

## DECLARATORY JUDGMENT OF INVALIDITY OF THE '365 PATENT

36.     Apple repeats and realleges paragraphs 1-10 above.

37.     In accusing Apple of infringing the '365 patent, Ericsson has taken the position that the claims of the '365 patent are valid.

38.     None of the claims of the '365 patent are valid and enforceable because the claims do not meet the conditions for patentability and/or validity specified in Title 35 U.S.C. § 101 *et seq.*, including §§ 101, 102, 103, and/or 112 and general principles of patent law.

39.     An actual controversy exists between Ericsson and Apple as to whether the '365 patent is invalid.

40.     A judicial declaration is necessary and appropriate so that Apple may ascertain its rights as to whether the '365 patent is invalid and/or unenforceable.

## SEVENTH COUNTERCLAIM

## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '472 PATENT

41.     Apple repeats and realleges paragraphs 1-10 above.

42.     Apple does not directly, indirectly, contributorily and/or by inducement, infringe any claim of the '472 patent, either literally or under the doctrine of equivalents, willfully or otherwise, and is entitled to a declaration to that effect.

43.     An actual controversy exists between Ericsson and Apple as to whether the '472 patent is not infringed by Apple.

44.     A judicial declaration is necessary and appropriate so that Apple may ascertain its rights with respect to the '472 patent.

45.     Apple seeks, and is entitled to, a declaration that it does not infringe any claim of the '472 patent directly, indirectly, contributorily or by inducement, either literally or under the doctrine of equivalents.

## EIGHTH COUNTERCLAIM

## DECLARATORY JUDGMENT OF INVALIDITY OF THE '472 PATENT

46.     Apple repeats and realleges paragraphs 1-10 above.

47.     In accusing Apple of infringing the '472 patent, Ericsson has taken the position that the claims of the '472 patent are valid.

48.     None of the claims of the '472 patent are valid and enforceable because the claims do not meet the conditions for patentability and/or validity specified in Title 35 U.S.C. § 101 *et*

*seq.*, including §§ 101, 102, 103, and/or 112 and general principles of patent law.

49.      An actual controversy exists between Ericsson and Apple as to whether the '472 patent is invalid.

50.      A judicial declaration is necessary and appropriate so that Apple may ascertain its rights as to whether the '472 patent is invalid and/or unenforceable.

## EXCEPTIONAL CASE

51.      This case is exceptional against Ericsson under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Apple respectfully requests the following relief:

A.      Judgment against Ericsson and in favor of Apple;

B.      Dismissal of the First Amended Complaint with prejudice;

C.      Denial of all remedies and relief sought by Ericsson in its First Amended Complaint;

D.      A declaration that each and every asserted patent claim is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112;

E.      A declaration that Apple has not infringed and does not infringe, either directly, indirectly, or otherwise, any valid and enforceable claim asserted herein;

F.      A permanent injunction preventing Ericsson, including its officers, agents, employees, and all persons acting in concert or participation with Ericsson, from charging that any claim of the Patents-in-Suit is infringed by Apple or its customers;

G.      A finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to Apple of its costs and attorneys' fees incurred in this action; and

H.             Further relief as the Court may deem just and proper.

Dated: June 3, 2015

Respectfully submitted,

*/s/ Clay C. James, with permission by*
*Michael E. Jones*
Clay C. James
Srecko Vidmar
C. Matthew Rozier
**HOGAN LOVELLS US LLP**
One Tabor Center, Suite 1500
1200 Seventeenth Street
Denver, CO  80202
Telephone: (303) 899-7300
Facsimile: (303) 899-7333
clay.james@hoganlovells.com
lucky.vidmar@hoganlovells.com
matt.rozier@hoganlovells.com

Sarah Minchener Jalali
**HOGAN LOVELLS US LLP**
3 Embarcadero Center, Suite 1500
San Francisco, CA 94111
Telephone: (415) 374-2300
Facsimile: (415) 374-2499
sarah.jalali@hoganlovells.com

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Allen F. Gardner
State Bar No. 24043679
allengardner@potterminton.com
POTTER MINTON, P.C.
A Professional Corporation
110 N. College Ave., Suite 500
Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 593-0846

**ATTORNEYS FOR DEFENDANT
APPLE INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 3rd of June, 2015.


*/s/Michael E. Jones*